Opinion issued January 23, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00311-CR




LEONARD DANTRELL TRIM, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 875,714




MEMORANDUM OPINIONA jury convicted appellant Leonard Dantrell Trim of aggravated robbery with
a deadly weapon and assessed punishment at eight-years imprisonment. See Tex.
Penal Code Ann. § 29.03 (Vernon 1994). Appellant brings a single point of error,
contending the trial court erred in overruling his objection to improper jury argument
during the punishment phase of trial. We affirm.
          Appellant was found guilty of robbing the owner of a grocery store by pointing
a gun at him for approximately two minutes while appellant’s accomplice took $2,400
in cash, a bag of payroll checks, and a bag of lottery tickets. Although the store
owner was never verbally threatened, he testified at trial that he was afraid he would
be shot by appellant and the accomplice.
          Appellant objected to the following State’s argument, on the basis that it was
outside the record:
It is not acceptable that [the store owner] goes to work as he has
for 11 years, working hard to support his family, his friends, his choices,
and someone like [appellant] (indicating), all they need to do is get a
gun and point it at his head and if he doesn’t give the defendant
everything that he wants, when he wants it, he will kill him.
Appellant did not request a running objection.
          After the trial court overruled appellant’s objection, the State continued as
follows without any further objection from appellant:
That is the threat. Make no mistake about that.
You stick a gun to someone’s head, that is the threat. And that’s
the power. And that’s the path [appellant] has chosen. . . .
And what is more powerful than a handgun to someone’s head? 
Who’s going to argue with that? Because that’s the easy thing to do. 
Who is going to argue with giving [appellant] all they have just so he
doesn’t kill them?
And that is the power that this [appellant] chose to wield over [the
store owner]. . . .
. . . .
And now we have the facts before us. And we see that a third
time felon stuck a gun to a stranger’s head, threatened to kill him if he
didn’t get the stuff he wanted, the cash that he wanted.
. . . .
[Appellant] has chosen this way of life because it is easy and
because it is simple. You have the power over someone’s life, they will
give you whatever they have. And he has used that power.
          In order to preserve error, the objecting party must continue to object each time
the objectionable argument is made. Fuentes v. State, 991 S.W.2d 267, 273 (Tex.
Crim. App. 1999). We hold appellant has waived his objection because he neither (1)
objected to the State’s subsequent argument nor (2) requested a running objection or
objected to all the alleged objectionable argument at one time outside of the jury’s
presence. See Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991);
see also Tex. R. App. P. 33.1(a).
          We overrule the sole point of error.

          We affirm the judgment.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.
Do not publish. Tex. R. App. P. 47.2(b).